# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2010

Lyle W. Cayce
Clerk

No. 09-60639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT PAYNE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CR-145-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Payne, federal prisoner # 11300-042, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Payne's IFP motion, concluding that he was not entitled to appeal as a pauper.

Payne's inmate account statement shows that he cannot afford the costs of the appeal without undue hardship or deprivation of the necessities of life. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, he has failed to show that his appeal presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Payne appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the United States Sentencing Commission's retroactive amendment to the base offense levels for crack cocaine offenses. He contends that the district court erred in not granting him a greater sentence reduction under § 3582(c)(2). Specifically, he argues that the district court should have held a sentencing hearing where, pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 129 S. Ct. 840 (2009), the district court should have applied a 1:1 ratio for crack/powder cocaine offenses. He also argues that appointed counsel was ineffective in: (1) failing to check the docket to see what was filed; (2) failing to request a hearing on the *Spears* issue; (3) failing to file a notice of appeal; and (4) sending back an agreed order between himself and the Government. This court reviews a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Thus, Payne was not entitled to a hearing on his § 3582(c)(2) motion. *See* FED. R. CRIM. P. 43(b)(4). Further, Payne's argument that he was entitled to a sentence below the amended guidelines range based on *Kimbrough* and *Spears* is unavailing. *See Dillon*, 130 S. Ct. at 2691-92; *Doublin*, 572 F.3d at 238. Moreover, because Payne was subject to a 20-year statutory minimum sentence at the time the district court considered his § 3582(c)(2) motion, the district court could not have reduced his sentence below 240 months.

*See United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008). Finally, because there is no constitutional right to appointed counsel in a § 3582(c)(2) proceeding, *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995), there can be no claim of ineffective assistance of counsel, *cf. Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

The instant appeal is without arguable merit and is thus frivolous. Accordingly, Payne's IFP motion is denied, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.